NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALOS DAPAS, PETITIONER, v. CAMPBELL SOUP
COMPANY, RESPONDENT.

For the petitioner, *Rocco Palese.*

For the respondent, *S. Rusling Leap.*

On November 2d, 1927, the petitioner was in the employ of the respondent at a weekly wage of $24.75. On said date he met with an injury caused by an accident when a truck ran over his left leg. There is no dispute regarding this accident. The petitioner was treated at once at the plant hospital where six stitches were taken in his leg. Treatment was continued every second day until April 5th, 1928, by Dr. B. F. Busby, who is the plant physician. Dr. Busby testified that he found large vericose veins all over this man's leg, and the general testimony in this case indicates that one or more of these veins were injured as a result of the accident. Following the accident, the petitioner lost three days, and then continued working at light work until July, 1928, at which time the petitioner admitted, under cross-examination, that he left his job because they required him to do two men's work. There is no further history of this man's condition until November 30th, 1928, when he was examined by Dr. Busby, who testified that he found a large

scar six inches in diameter, but that the wound had healed. Following this, on January 20th, 1929, this man was examined by Dr. Joseph Armao, who found extensive swelling of the leg up to the knee joint, the leg being extensively ulcerated. The man was at once ordered to bed, and was later taken to the Howard Hospital, in Philadelphia, in a delirious condition. Dr. Armao testified that in his judgment the condition found by him could be the result of trauma, and that a blow to a vericose vein would cause the condition which he found and that the condition might break down again after the conclusion of previous treatment. Dr. Busby, testifying for the respondent, states that at the time of this hearing the petitioner was not in a condition to work. There is no definite testimony as to when the petitioner may be able to resume labor. Dr. Armao was doubtful that the man would ever get well. Dr. Busby was of the opinion that there would ultimately result some permanent injury. In view of the above statements, I am of the opinion that this man is suffering a temporary disability, the duration of which cannot be determined, and that he is entitled to compensation.

It is therefore ordered that compensation at the rate of $16.50 a week be paid to the petitioner beginning January 20th, 1929, prior to which date there is no definite record of disability, and that said compensation shall cover a period of one hundred weeks, subject, however, to reconsideration of this award prior to the expiration of said one hundred weeks on motion of either attorney that the temporary disability has terminated and the matter concluded or the status reduced to a permanent condition. A counsel fee of $200 shall be paid to the petitioner's attorney, one-half to be paid by the respondent and one-half by the petitioner.

W. E. STUBBS,
*Deputy Commissioner.*